## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

JEANNE BALLARD, MARSHA CAPOSELL, )
GREGORY SCOTT GALATIAN, and JOHN )    CASE NO.
GANDARA on behalf of themselves and others )
similarly situated, )
                 )    **JUDGE**
        Plaintiffs, )
                 )
      v. )   **<u>CLASS AND COLLECTIVE ACTION</u>**
                 )   **<u>COMPLAINT</u>**
CORECIVIC OF TENNESSEE, LLC )
                 )   **<u>JURY DEMAND INCLUDED HEREON</u>**
      Defendant. )

For their Class and Collective Action Complaint, Plaintiffs Jeanne Ballard, Marsha Caposell, Gregory Scott Galatian, and John Gandara state and allege as follows:

## <u>INTRODUCTION</u>

1.      This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

2.      Plaintiffs brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that an action to recover the liability prescribed by the FLSA may be maintained against any employer by any one or more employees for and on behalf of other employees similarly situated. Plaintiffs bring this case on behalf of themselves and other "similarly-situated" persons who may join this case pursuant to § 216(b).

3.      Plaintiffs Ballard and Caposell also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons, defined herein, who assert factually related claims under Ohio wage-and-hour statutes.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiffs Ballard and Caposell's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendant's principal place of business is in this district and division.

## PARTIES

7. Plaintiffs were employed by Defendant as correctional officers within the last two years.

8. Defendant Core Civic of Tennessee, LLC is a for-profit limited liability company organized under the laws of Tennessee.

9. Defendant operates over 40 secure facilities throughout the country.

10. Defendant is in the business of operating correctional and detention centers.

11. Defendant employed Plaintiffs Ballard and Caposell at its Northeast Ohio Correctional Center in Mahoning County, Ohio.

12. Defendant employed Plaintiff Galatian at its Cimarron Correctional Facility in Cushing, Oklahoma.

13. Defendant employed Plaintiff Gandara at its Bent County Correctional facility in Las Animas, Colorado.

14. At all times relevant, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio

overtime compensation  statute, Ohio Rev. Code Ann. § 4111.03.

## FACTUAL ALLEGATIONS

15.     At all times relevant to this Complaint, Defendant employed Plaintiffs and other similar situated correctional and detention officers in a non-exempt hourly capacity.

16.     During all times relevant to this Complaint, Plaintiffs and other similarly situated correctional and detention officers frequently worked in excess of 40 hours per week.

17.     Defendant's correctional and detention officers are responsible for the custody and discipline of inmates or detainees held at correctional and detention centers operated by Defendant.

18.     Among other duties, the correctional and detention officers search for contraband and provide security, count, feed, and supervise inmates and detainees.

**Defendant Fails to Compensate Correctional and Detention Officers**
**for Completing Security Screenings Before Each Shift**

19.     At the beginning of each shift, prior to clocking in, Defendant requires Plaintiffs and other similarly situated correctional and detention officers to undergo a security screening.

20.     During the security screening the correctional and detention officers empty their pockets, remove their shoes, belts, and jackets and all metal objects, empty their bags, and submit any personal items in their possession for inspection.

21.     The correctional and detention officers then walk through a metal detector before reclaiming their possessions and donning their shoes, belts, and jackets.

22.     Defendant requires the correctional and detention officers to undergo this screening for the purposes of safety, and to prevent officers from inadvertently or intentionally bringing contraband into the correctional and detention centers.

23.     Keeping weapons and other contraband out of the prison is necessarily tied to the

3

correctional and detention officers' work of providing security and searching for contraband.

24.     Thus, undergoing security screenings is integral and indispensable to the correctional and detention officers' principal activities.

25.     Defendant, however, fails to compensate Plaintiffs and similarly situated correctional and detention officers for time spent undergoing pre-shift security screenings.

26.     Defendant's failure to compensate Plaintiffs and the similarly situated correctional and detention officers resulted in unpaid overtime in violation of the FLSA. *See, Aguilar, et al. v. Management & Training Corporation*, 2020 U.S. App. LEXIS 3339 (10th Cir. Feb. 4, 2020)(pre-shift security screenings of detention officers are integral and indispensable under *Busk* and therefore must be counted as hours worked for purposes of computing overtime).

## COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiffs incorporate  by reference the foregoing allegations as if fully rewritten herein.

28.     Defendant maintains correctional and detention centers throughout the country.

29.     Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b).

30.     The Potential Opt-Ins who are "similarly situated" to Plaintiffs' with respect  to Defendant's FLSA violations consist of:

> All current and former Correctional Officers, Senior Correctional Officers, Detention Officers, and Senior Detention Officers classified as non-exempt during the two-year period before the filing of this Complaint to the present in all correctional and detention centers nationwide excluding those who worked exclusively at the Eloy Detention Center, Lake Erie Correctional Institution, the Trousdale Turner Correctional Center, and any location in California.

31.      Such persons are "similarly situated" with respect to Defendant's FLSA

4

violations in that all were non-exempt employees of Defendant, all were subjected to and

injured by Defendant's unlawful practice of failing to pay for pre-shift work resulting in unpaid

overtime, and all have the same claims against Defendant for unpaid overtime compensation as

well as for liquidated damages, attorneys' fees, and costs.

32. Conditional certification of this case as a collective action pursuant to 29 U.S.C.

§ 216(b) is proper and necessary so that such persons may be sent a Court-authorized

notice informing them of the pendency of this action and giving them the opportunity to "opt

in."

33. The persons similarly situated to Plaintiffs are readily identifiable through the

payroll records Defendant was required to maintain pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS
### (Ohio Class)

34. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten

herein.

35. Plaintiffs Ballard and Caposell also bring this case as a class action pursuant to

Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who

assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All of Defendant's current and former correctional and detention
> officers who worked in Ohio and worked 40 or more hours in at least
> one workweek at any point within two years preceding this action.

36. The Ohio Class is so numerous that joinder of all class members is

impracticable. The exact number of class members as well as their identities are ascertainable

from the payroll records Defendant has maintained, and was required to maintain, pursuant

Ohio law.

37. There are questions of law or fact common to the Ohio Class, including but

5

not limited to:

> Whether Defendant failed to pay Plaintiffs Ballard and Caposell and other class members all overtime pay due to them?

> Whether Defendant kept adequate records of the hours worked by Plaintiffs and the other class members?

38.     Plaintiffs Ballard and Caposell's claims are typical of the claims of other members of the Ohio Class. Plaintiffs Ballard and Caposell's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

39.     Plaintiffs Ballard and Caposell will fairly and adequately protect the interests of the Ohio Class. Plaintiffs Ballard and Caposell's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiffs Ballard and Caposell's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

40.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common to the class and predominate over any questions affecting only individual class members.

41.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Federal Rule of Civil Procedure 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

6

## COUNT ONE
### (FLSA Overtime Violations)

42.     Plaintiffs incorporate  by reference the foregoing allegations as if fully rewritten herein.

43.     Plaintiffs bring this claim for violation of the FLSA's overtime provisions  on behalf of themselves and the potential opt-ins who may join this case pursuant to 29 U.S.C. § 216(b).  Plaintiffs' written consents to becoming a party to this action pursuant  to § 216(b) are being filed with the Court as **Exhibit A** to this Complaint.

44.     The FLSA requires that Defendant's non-exempt hourly employees receive overtime  compensation for all hours worked in excess of forty (40) in a workweek.

45.     Plaintiffs and the potential opt-ins should have been paid overtime compensation at the rate of one-half times their regular rate of pay for all hours worked in excess of forty hours per workweek.

46.     Defendant failed to pay the overtime compensation to Plaintiffs and the potential opt-ins.

47.     By engaging in that practice, Defendant violated the FLSA and regulations thereunder.

48.     As a result of Defendant's violations of the FLSA, Plaintiffs and the  potential opt-ins were injured in that they did not receive overtime compensation due  to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of unpaid overtime  compensation as well as an additional equal amount as liquidated  damages. Section 216(b) further provides that the court shall, in addition to any  judgment awarded to the Plaintiffs, allow a reasonable attorney's fee to be  paid by the Defendant, and costs of the action."

7

# COUNT TWO
## (Ohio Overtime Violations)

49.    Plaintiffs Ballard and Caposell incorporate by reference the foregoing allegations as if fully rewritten herein.

50.    Plaintiffs Ballard and Caposell bring this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of themselves and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

51.    At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

52.    Defendant violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay overtime compensation to its non-exempt hourly correctional and detention officers.

53.    Defendant's violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiffs Ballard and Caposell and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

54.    Ohio Rev. Code Ann. § 4111.10(A) provides that Defendant, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, and all similarly-situated employees, collectively pray that this Honorable Court:

A.  Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs Ballard and Caposell and other members of the Ohio Class;

C.  Enter judgment against Defendant and in favor of Plaintiffs, the opt-ins, and the Ohio Class;

D.  Award compensatory damages to Plaintiffs, the opt-ins, and the Ohio Class in the amount of their unpaid wages, as well the Plaintiffs and the opt-ins liquidated damages in an equal amount;

E.  Award Plaintiffs, the opt-ins, and the Ohio Class members pre-judgment and post-judgment interest at the statutory rate; and,

F.  Award Plaintiffs, the opt-ins, and the Ohio Class costs and attorney's fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

**BIGELOW LEGAL P.C.**

*/s/ Robert C. Bigelow*
Robert C. Bigelow, Esq. #022022
4235 Hillsboro Pike, Ste. 217
Nashville, TN 37215
Telephone:      (615) 829-8986
Email: bigelowlegal@gmail.com


*Counsel for Plaintiffs*




## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable.

*/s/ Robert C. Bigelow*
Robert C. Bigelow

*Counsel for Plaintiffs*

10