IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEANNE BALLARD, MARSHA CAPOSELL, GREGORY SCOTT GALATIAN, and JOHN GANDARA on behalf of themselves and others similarly situated, | ) ) ) ) ) ) | Civil Action No. 3:20-cv-00418 |
| Plaintiffs, | ) ) | Judge Eli J. Richardson<br><br>Magistrate Judge Alistair Newbern |
| v. | ) ) ) | JURY DEMAND |
| CORECIVIC OF TENNESSEE, LLC, | ) ) | |
| Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs' claims arise under the laws of the

United States.

B.     BRIEF THEORIES OF THE PARTIES:

For Plaintiff: This is a potential collective action lawsuit brought against Defendant pursuant

to the FLSA and Ohio Minimum Fair Wage Standards Act ("OMFWSA"). Plaintiffs are former

Correctional Officers for Defendant paid as non-exempt, hourly employees. Plaintiffs allege that they

were not paid for all time that they worked. Specifically, Plaintiffs allege that they were not

compensated for time it took them to clear Defendant's security screening, and thus, to the extent

said time resulted in hours worked over forty in a given week, Plaintiffs were not paid proper

overtime. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to represent all similarly-situated hourly

paid employees of Defendant who were employed during the last two years as Correctional Officers

and/or Detention Officers with the exception of those Correctional Officers and/or Detention Officers that work and/or worked at Lake Erie Correctional Center, Trousdale Turner Correctional Center, and Eloy Detention Center. Additionally, pursuant to Fed. R. Civ. P. 23, Plaintiffs Ballard and Caposell seek to represent all Correctional Officers and/or Detention Officers that work and/or worked in Ohio during the last two years.

For Defendant: Defendant contends that time spent clearing security screening is not a compensable work activity under the FLSA or the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). Specifically, clearing security screening is not integral and indispensable to the principal work activities of Correctional Officers or Detention Officers. Thus, in compliance with the FLSA and OMFWSA, Defendant properly paid Correctional Officers and Detention Officers for all hours worked, including all overtime hours worked.

C.     ISSUES RESOLVED: Jurisdiction and venue; first step conditional certification.

D.     ISSUES STILL IN DISPUTE: Certification of the OMFWSA claim as a class action, liability and damages.

E.     INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before August 10, 2020.

F.     CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: Because the parties have filed a Joint Stipulation For Conditional Certification and Notice to Collective Action Members (ECF No. 8), the scope of the action is presently unknown (and will not be known until after the Court rules upon the parties' request for Court-approved notice, and the deadline for the filing of opt-in consent forms has elapsed). Therefore, the parties have not contemplated a case resolution plan, but will meet and confer on the issue after the Court rules upon the parties' request for Court-approved notice and the deadline for the filing of opt-in consent forms has elapsed. Approximately

fourteen (14) days after the conclusion of fact discovery, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. DISCOVERY: The parties anticipate that they will be able to complete all written discovery and depose all fact witnesses within 180 days after the deadline for the filing of opt-in consent forms has elapsed. However, since the scope of the action is presently unknown (and will not be known until after the Court rules upon the parties' request for Court-approved notice, and the deadline for the filing of opt-in consent forms has elapsed), the deadline for the conclusion of discovery will be set at a subsequent case management conference.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than 30 days after the close of discovery. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement

shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any Party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H. MOTIONS TO AMEND: Plaintiffs will be allowed until August 19, 2020 to move for amendment to the pleadings and/or join additional parties as defendants. Defendant will be allowed until September 3, 2020 to join additional parties and/or move for amendments to the pleadings. The parties must comply with Local Rules 7.01 and 15.01.

I. DISCLOSURE OF EXPERTS: Because the scope of the action is presently unknown, the parties request that the deadline for the disclosure of any experts be set by the Court at a subsequent case management conference.

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE: Plaintiffs' counsel shall confer with Defendant's counsel and shall contact the Magistrate Judge's chambers to set a telephonic case management conference no later than 14 days after the close of the notice and opt-in period. Before the case management conference, counsel shall meet and confer and agree upon a proposed calendar for all remaining case management deadlines and shall file a joint proposed amended case management order no later than 3 days before the conference.

K. DISPOSITIVE MOTIONS: The deadline for dispositive motions will be set at a subsequent case management conference.

L. ELECTRONIC DISCOVERY: The parties have agreed to produce electronically stored information in .pdf, or .tiff format, except that spreadsheet files (*e.g.*, .csv files, Excel files)

4

shall be produced in native format. If any disputes arise concerning the format of production for specific ESI, the parties will meet and confer in good faith in an attempt to resolve the dispute. The parties agree that ESI discovery will be limited to that which is reasonable and proportionate. The parties believe the scope of ESI, if any, will be limited to Kronos time records, payroll records, and Lobby Management System records for the Plaintiffs and those individuals who file consents to join the case for the time period of two years prior to the date on which such individuals file their consent. The parties do not currently foresee any issues. If an issue arises, the parties will confer and attempt to resolve any such issue before seeking the Court's involvement. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

   M.  MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N.      ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: As this action is styled as a class and collective action, the scope of this action – and therefore the number of days required for a jury trial of this action – is currently unknown. The target trial date will be set at the next case management conference.

It is so **ORDERED**.

_____
Magistrate Judge Alistair E. Newbern
U.S. District Magistrate Judge