IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEANNE BALLARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3-20-cv-00418 |
| | ) | JUDGE RICHARDSON |
| CORECIVIC OF TENNESSEE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

The parties have filed a Joint Stipulation for Conditional Certification and Notice to Collective Action Members (Doc. No. 8). The Court appreciates the parties' willingness to work together to agree on the content and form of the proposed Notice and Consent Form. The Court has just a few concerns.

The proposed Notice correctly notifies potential opt-in plaintiffs that by joining this lawsuit, they are agreeing to be represented by Plaintiff's counsel herein. Nevertheless, it is the Court's position that the Notice should also advise potential opt-in plaintiffs that they can consult with/retain their own counsel to advise them whether to join the collective action and—if they elect to join the lawsuit—to be a resource after they join.[1] In other words, the Notice should make clear that although separate counsel for an opt-in plaintiff may not *litigate* in the collective action,

---

[1] Some courts take the position that an opt-in plaintiff's own counsel, *in lieu of* the named plaintiff's counsel, can represent that opt-in plaintiff in the litigation. *See, e.g., Cuevas v. ConAm Mgmt. Corp.*, No. 18CV1189, 2019 WL 5320544, at *8 (S.D. Cal. Oct. 21, 2019); *Douglas v. GE Energy Reuter Stokes*, No. 1:07CV077, 2007 WL 1341779, at *5 (N.D. Ohio Apr. 30, 2007). But this view is refuted by other courts, and it is not the view of this Court.

an opt-in plaintiff may retain separate counsel to *advise* him or her as he or she sees fit. *Britain v. Clark Cty., Nevada*, No. 212CV01240, 2017 WL 123431, at *1 (D. Nev. Jan. 11, 2017) (affirming propriety of a notice that was "clear [that] while a would-be opt-in plaintiff has the right to consult or retain counsel, once they join the lawsuit their interests are represented by the named plaintiffs and the[ir] attorneys").

In particular, although an opt-in plaintiff should be and is welcome to have his or her own counsel *advise* him or her, it generally would be unjustifiably inefficient to allow such separate counsel to litigate in parallel (and potentially in tension) with named plaintiff's counsel. *See Gomez v. ERMC Prop. Mgmt. Co., LLC*, No. 3:13-cv-01081, 2014 WL 3053210, at *2 (N.D. Ohio July 7, 2014) (expressing "agree[ment] with the *Adams* court and [the] conclu[sion that] bringing additional counsel into this lawsuit likely would defeat the efficient operation of the litigation."); *Britain v. Clark Cty., Nevada*, No. 2:12-cv-01240-JAD-NJK, 2017 WL 123431, at *1 (D. Nev. Jan. 11, 2017) (affirming propriety of a notice that was "clear [that] while a would-be opt-in plaintiff has the right to consult or retain counsel, once they join the lawsuit their interests are represented by the named plaintiffs and the[ir] attorneys").

Accordingly, the Court recommends that the parties consider agreeing to add the following italicized language to the first paragraph under Question 4, page 2 of the Notice (Doc. No. 8-1 at 2), after the sentence "You will be eligible to participate in a settlement for unpaid overtime wages, if any is reached":

*You have a right to consult or retain other counsel to advise you on whether to join this lawsuit in and/or to confer with you about this lawsuit on an ongoing basis, but* if you choose to join this case, you will be represented by the Plaintiffs' Counsel in this case.

2

In addition, the Court notes that on page 2 of the Notice, the potential plaintiffs are instructed to send their consent forms to the Case Administrator, but then the Notice states that the forms must be received *by Plaintiffs' Counsel* within a certain time. These two statements seem to be contradictory and confusing.

Finally, the Court notes that, at least as it was filed with the Court, the proposed Notice includes blank pages at 3 and 6-10.

By Friday, September 11, 2020, the parties shall advise the Court whether they assent to this additional language and, if not, the grounds for opposing the addition of such language. If the parties assent to the additional language, then they shall file a revised proposed Notice, consistent with this Order, by September 11, 2020.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

3