IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEANNE BALLARD, et al.,              )
                                     )
        Plaintiffs,                  )
                                     )      NO. 3:20-cv-00418
v.                                   )      JUDGE RICHARDSON
                                     )
CORECIVIC OF TENNESSEE, LLC,         )
                                     )
        Defendant.                   )
                                     )

## ORDER

Plaintiffs have filed a "Stipulation to Drop Parties and Dismiss Claims of Opt-In Plaintiffs Without Prejudice Pursuant to Rules 21 and 41 of the Federal Rules of Civil Procedure." (Doc. No. 91, "Stipulation").

The parties suggest that their Stipulation is filed pursuant to Fed. R. Civ. P. 21 and Fed. R. Civ. P. 41. However, the Sixth Circuit has indicated that dismissal of a party, rather than of an entire action, is more proper pursuant to Fed. R. Civ. P. 21 than under Rule 41. *AmSouth v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004); *Sheet Metal Workers' Nat. Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-CV-2738, 2013 WL 3893556, at \*4 (N.D. Ohio July 26, 2013) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21"). Dismissal under Rule 41 is dismissal of an action, not dismissal of the claims of individual parties, and so the Court here proceeds solely under Rule 21.

Rule 21 provides that the Court may at any time, on motion or on its own, add or drop a party or claim. Other circuits disagree, but district courts in this circuit routinely apply Rule 21, rather than Rule 41, when dismissing fewer than all defendants or claims. *United States ex rel.*

*Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (citing cases). This distinction between Rules 41 and 21 is not meaningless. *Id.* at 465. First, dropping less than the entirety of an action risks prejudice to the other parties. And, secondly, this is a federal court, where the rules matter. *Id*. In other words, "the procedural vehicle makes a difference." *EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cty., Ky.*, No. CIV.A. 12-58-ART, 2012 WL 3644968, at *4 (E.D. Ky. Aug. 24, 2012).

For these reasons, the Court will construe the parties' Stipulation as a motion under Rule 21 to drop certain opt-in plaintiffs, and the Court must make an independent determination that dropping these individuals is appropriate. Here, the Court has little difficulty concluding that the interests of justice support dropping the opt-in plaintiffs as requested, given both its potential for increasing judicial efficiency in resolving this dispute and the absence of any objection.

Because the Stipulation indicates that the claims of the opt-in plaintiffs (identified in the table included in Doc. No. 91) are dismissed without prejudice, the identified opt-in plaintiffs are hereby **DISMISSED** without prejudice.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE