IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEANNE BALLARD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | NO. 3:20-cv-00418 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| CORECIVIC OF TENNESSEE, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Plaintiffs have filed an "Unopposed Motion for Approval of [FLSA] Settlement." (Doc. No. 95, "Motion"). The Motion is granted, as will be reflected more fully by the Court's entry of a separate order virtually identical to the order proposed by the parties. (Doc. No. 95-2). That separate order, as well as this Order, are intended by the Court to be read in conjunction with one another.

Herein, the Court will summarize concisely the basis for granting the Motion. Having reviewed both the Motion (which effectively comprised both a motion and the memorandum is support thereof) and the (settlement) Agreement[1] (Doc. No. 95-1) filed with the Motion,[2] the Court accepts the facts[3] set forth in the Motion and also finds persuasive the analysis set forth in the

---

[1] Consistent with the Motion and the parties' proposed order (Doc. No. 95-2), capitalized terms herein have the meanings ascribed to them in the Agreement.

[2] By not filing a separate memorandum in support of the Motion, Plaintiffs ran afoul of this Court's local rules. *See* LR 7.01(a)(2). Counsel are urged to ensure compliance with such rules in the future.

[3] By facts, the Court is referring not to the alleged facts from the Complaint, but rather to the asserted procedural facts set forth in the Motion (which pertain to things like the private mediation

Motion. Ultimately, for the reasons explained in the Motion, the Court finds the Settlement to be fair, reasonable, and adequate. In making this determination, the Court gave particular (not to say exclusive) scrutiny to the following terms of the Agreement:

- "The Maximum Gross Settlement Amount is $500,000. Under no circumstances shall Defendant be required to pay more than the Maximum Gross Settlement Amount in connection with the settlement of the Civil Action." (Doc. No. 95-1 at 5).
    - "The "Section 216(b) Settlement Amount" means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $262,585.94) to be paid to and/or on behalf of the FLSA Class Members in exchange for their release of claims against the Released Parties." (*Id.*).

- "The FLSA Class Members will have one hundred eighty (180) days from the date the checks are issued to negotiate them. After one hundred eighty (180) days, the Settlement Administrator shall stop payments on any checks issued to FLSA Class Members that have not been negotiated" (*Id.* at 12).

- "If the Settlement Administrator receives notice that any FLSA Notice Packet was undeliverable, the Settlement Administrator shall promptly advise Class Counsel and endeavor to deliver the FLSA Notice Packet to the intended recipient to another address based on information provided by Class Counsel. In the event a current address is not identified, the Settlement Administrator shall remit the settlement funds to the unclaimed funds agency of the state where that FLSA Class Member last worked." (*Id.* at 11).

- Proposed payments
    - 1. the ATTORNEY'S FEES PAYMENT of $166,666.67. (*Id.* at 76)
        - ("The 'Attorney's Fees Payment' means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $166,666.67) to be paid to Class Counsel in accordance with the Approval Order and subject to Court approval, as attorney's fees incurred in the Civil Action.") (*Id.* at 6).
    - 2. the CLASS ADMINISTRATIVE COSTS of $12,030.58. (*Id.* at 76).
    - 3. the ATTORNEY'S EXPENSES PAYMENT of $38,716.81. (*Id.*).
        - ("The 'Attorney's Expenses Payment' means that portion of the Maximum Gross Settlement Amount (up to a cumulative total of no more than $38,716.81) to be paid to Class Counsel in accordance with the Approval Order and subject to Court approval, for litigation costs and expenses incurred by Class Counsel in this action . . .") (*Id.* at 6).
    - 4. the SERVICE PAYMENT ALLOCATION of $20,000.00 (or $5,000 per NAMED PLAINTIFF). (*Id.* at 76).

---

in which the parties engaged and the manner in which the Individual Payments (as defined in the parties' settlement agreement) were calculated.

Regarding the Attorney's Fees Payment, it is roughly 37 percent of the total settlement payment minus the Class Administrative Costs and Attorney's Expenses Payment. This percentage is on the high side, but not unreasonably so given the success of Plaintiffs' counsel in obtaining a settlement encompassing the vast majority of the class's claimed damages. (Doc. No. 95 at 6-7).

## CONCLUSION

Because it is fair, reasonable, and adequate, the Settlement is approved pursuant to this Order and the above-referenced order to be entered separately but read in conjunction with this Order, which notes that this action is to be **DISMISSED WITH PREJUDICE**.

This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58. The Clerk is directed to close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE